UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JAY BROWN,
Plaintiff,

v. Case No.: 6:26-cv-02217-PGB-DCI

CITY OF ORLANDO,
Defendant.
_______________________________/

## AMENDED COMPLAINT FOR DAMAGES, DECLARATORY RELIEF, AND INJUNCTIVE RELIEF

Plaintiff, JAY BROWN ("Plaintiff"), by and through undersigned counsel, brings this action against Defendant, CITY OF ORLANDO ("Defendant" or "City"), for violations of Plaintiff's rights under the First and Fourteenth Amendments to the United States Constitution, actionable pursuant to 42 U.S.C. § 1983, and alleges as follows:

## INTRODUCTION

This case concerns a fundamental command of the First Amendment: the government cannot decide which political viewpoints are acceptable enough to be expressed. Plaintiff displayed a Nazi flag inside the City-owned and operated Kia Center. City personnel confronted Plaintiff, physically grabbed and snatched the flag from his hands, threatened him with removal, told him that he was not

allowed to possess or display a flag like that, and prevented him from continuing his expression. Yet, inside the same stadium and not far from Plaintiff, other patrons openly displayed multiple large, oversized Black Lives Matter flags. City personnel saw those flags, indicated that they were permissible, allowed those patrons and their flags to remain, and never attempted to confiscate the Black Lives Matter flags or remove the patrons displaying them. The First Amendment does not permit a municipality to allow political expression it considers acceptable while suppressing a competing viewpoint because government personnel find its message hateful, offensive, or objectionable. Constitutional protection does not disappear merely because the expression at issue is deeply unpopular or offensive.

## JURISDICTION AND VENUE

1. This action arises under the Constitution and laws of the United States, including the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.
2. This Court has original federal-question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.
3. This Court has authority to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

4. Venue is proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1391(b) because Defendant is located within this District and the events giving rise to Plaintiff's claims occurred at Kia Center in Orlando, Orange County, Florida.

## PARTIES

5. Plaintiff JAY BROWN is an individual whose constitutional rights were violated as alleged herein.
6. Defendant CITY OF ORLANDO is a Florida municipal corporation that owns and operates Kia Center through Orlando Venues.
7. Orlando Venues is a division of the City of Orlando responsible for the operation and management of Kia Center.
8. At all relevant times, the Kia Center employees, ushers, security personnel, agents, and representatives involved in the conduct alleged herein were acting on behalf of the City, within the course and scope of their duties, and under color of state law.

## FACTUAL ALLEGATIONS

9. Plaintiff attended the Duel Arena event at Kia Center in Orlando, Florida.
10. During the event, Plaintiff possessed and displayed a Nazi flag containing a swastika.

11. Plaintiff's display of the flag constituted expressive activity conveying an identifiable political and ideological message.

12. After Plaintiff displayed the flag, a female Kia Center usher approached Plaintiff and physically grabbed and snatched the flag directly from his hands.

13. The employee's seizure of Plaintiff's flag resulted in a brief physical tug-of-war over Plaintiff's property.

14. City personnel informed Plaintiff that his flag was not permitted and threatened Plaintiff with removal if he continued to possess or display a flag of that nature.

15. Plaintiff was specifically told, in substance, that if he had a flag like that, he would be removed and that he was not allowed to have a flag like that inside Kia Center.

16. Plaintiff was thereafter required to leave his seating area and accompany City personnel through the venue to a coat-check location, where his flag was taken and held.

17. The City employee did not tell Plaintiff that his flag was prohibited because of a neutral size restriction, obstruction rule, safety concern, or other generally applicable limitation.

18. Instead, the employee expressly condemned the content and viewpoint represented by Plaintiff's flag.

19. The employee told Plaintiff that he should be "ashamed" of himself for displaying such a "hateful" flag and criticized Plaintiff because of how insulting the flag was for other people to see.

20. The employee's statements demonstrate that the interference with Plaintiff's expression was motivated, at least in substantial part, by hostility toward the message and viewpoint conveyed by Plaintiff's flag.

21. The discriminatory nature of the City's actions was further demonstrated by its treatment of other political expression occurring inside the same venue during the same event.

22. Not far from Plaintiff, multiple patrons openly possessed and displayed large, oversized Black Lives Matter flags.

23. The Black Lives Matter flags were plainly visible to City and Kia Center personnel.

24. City personnel observed the Black Lives Matter flags and indicated that those flags were permissible.

25. Those patrons were allowed to remain inside Kia Center and continue displaying their Black Lives Matter flags.

26. City personnel did not confiscate or attempt to confiscate those flags.

27. City personnel did not threaten the patrons displaying the Black Lives Matter flags with removal.

28. City personnel did not require those patrons to surrender their flags or otherwise prevent them from continuing their political expression.

29. City personnel did not lecture those patrons concerning the political content of their flags or tell them that they should be ashamed of the viewpoints they expressed.

30. Thus, inside the same City-owned and operated venue and during the same event, the City permitted patrons expressing one political viewpoint to openly display large political flags while physically confiscating Plaintiff's flag, threatening him with removal, and preventing him from continuing his expression.

31. The distinction was not simply between patrons who possessed flags and patrons who did not possess flags.

32. Rather, the City permitted political flags when the message was deemed acceptable while suppressing Plaintiff's flag because City personnel considered its message hateful, offensive, insulting, or otherwise objectionable.

33. The City therefore treated comparable expressive activity differently based upon the content and viewpoint of the message being expressed.

34. As a direct result of Defendant's conduct, Plaintiff was deprived of his ability to engage in expressive activity, physically dispossessed of his expressive material, threatened with removal, publicly confronted, and prevented from continuing his expression.

## COUNT I
## 42 U.S.C. § 1983 – FIRST AMENDMENT
## VIEWPOINT AND CONTENT DISCRIMINATION

35. Plaintiff realleges and incorporates paragraphs 9 through 34 as though fully set forth herein.

36. The First Amendment, applicable to state and local governments through the Fourteenth Amendment, prohibits governmental suppression of protected expression based upon disagreement with its content or viewpoint.

37. Protected expression does not lose constitutional protection merely because its message is offensive, unpopular, disturbing, or objectionable.

38. Defendant, acting through personnel under color of state law, intentionally interfered with and suppressed Plaintiff's expressive activity because of hostility toward the message and viewpoint conveyed by Plaintiff's flag.

39. The viewpoint-based nature of Defendant's conduct is evidenced by City personnel expressly condemning Plaintiff's flag as "hateful," telling Plaintiff

that he should be "ashamed," and informing him that a flag of that nature was not permitted.

40. The discriminatory nature of Defendant's conduct is further demonstrated by its contemporaneous treatment of patrons displaying large Black Lives Matter flags, whose political expression was permitted to continue without confiscation, threats of removal, or comparable interference.

41. Government actors may not permit political expression conveying an accepted or favored viewpoint while suppressing expression because officials find a competing viewpoint offensive or objectionable.

42. Defendant's suppression of Plaintiff's expression constituted unconstitutional content-based and viewpoint-based discrimination in violation of Plaintiff's rights under the First and Fourteenth Amendments.

43. As a direct and proximate result of Defendant's unconstitutional conduct, Plaintiff suffered damages and is entitled to relief pursuant to 42 U.S.C. § 1983.

## COUNT II
## 42 U.S.C. § 1983 – MUNICIPAL LIABILITY
## UNCONSTITUTIONAL POLICY, CUSTOM, PRACTICE, AND/OR APPLICATION

44. Plaintiff realleges and incorporates paragraphs 5 through 34 as though fully set forth herein.

45. The City owns and operates Kia Center through Orlando Venues and is responsible for the policies, practices, procedures, training, supervision, and enforcement governing expressive activity at the venue.

46. The City maintains and/or enforces policies and practices governing flags, banners, signs, political expression, offensive imagery, and other expressive materials at Kia Center.

47. Any such policies and their enforcement are subject to the requirements of the First and Fourteenth Amendments.

48. The City may not maintain, implement, or apply a policy, custom, or practice that permits City personnel to determine which political viewpoints are sufficiently acceptable or inoffensive to be displayed while suppressing disfavored viewpoints.

49. As applied to Plaintiff, the City's policy, custom, practice, and/or enforcement thereof permitted City personnel to suppress Plaintiff's expression because of hostility toward his viewpoint while permitting other patrons to openly display large political flags expressing a different viewpoint.

50. The City's policy, custom, practice, and/or application thereof was the moving force behind the deprivation of Plaintiff's federally protected rights.

51. As a direct and proximate result, Plaintiff suffered damages and is entitled to relief pursuant to 42 U.S.C. § 1983.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff JAY BROWN respectfully requests that this Court enter judgment in his favor and against Defendant CITY OF ORLANDO and:

A. Declare that Defendant's content- and viewpoint-based suppression of Plaintiff's expressive activity violated the First and Fourteenth Amendments to the United States Constitution;

B. Award Plaintiff compensatory damages in an amount to be determined at trial;

C. Award Plaintiff nominal damages for the deprivation of his constitutional rights;

D. Enter appropriate declaratory and injunctive relief prohibiting Defendant from enforcing restrictions concerning flags, banners, signs, political expression, or other expressive materials in a manner that discriminates based upon content or viewpoint;

E. Award Plaintiff reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988;

F. Award pre-judgment and post-judgment interest as permitted by law;

and

G. Grant such other and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

*/s/ Anthony F. Sabatini*
ANTHONY F. SABATINI, ESQ.
FL BAR No. 1018163
SABATINI LAW FIRM, P.A.
1601 E. 1ST AVENUE
MOUNT DORA, FL 32757
T: (352)-455-2928
anthony@sabatinilegal.com

*/s/ Gavin B. Rollins*
GAVIN B. ROLLINS, ESQ.
FL BAR No. 1064417
gavin@sabatinilegal.com
SABATINI LAW FIRM, P.A.
1601 E. 1st AVENUE
MOUNT DORA, FL 32757
T: (352)-328-4892

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished this 25th day of September 2026, via email to all parties of record.

*/s/ Anthony F. Sabatini*